# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIFFANY LYNETTE LOCUS and <br> BESSIE CARPENTER LOCUS, <br><br> Plaintiffs, <br><br> v. <br><br> DUKE UNIVERSITY, A Nonprofit Corporation, RICHARD H. BRODHEAD, PH.D., individually and in his official capacity as President of Duke, PETER LANGE, individually and in his official capacity as Provost of Duke, LARRY MONETA, individually and in his official capacity as Vice President of Student Affairs, STEPHEN BRYAN, individually and in his official capacity as Duke University Judicial Affairs Officer, CHARLES THOMPSON, individually and in his official capacity as an adjunct professor, and TENNESSEE WATSON, individually and in her capacity as a teaching assistant, <br><br> Defendants. | 1:08CV607 |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to remand (Docket No. 10) filed by Plaintiffs Tiffany Lynette Locus and Bessie Carpenter Locus (the "Plaintiffs"). Defendants Duke University, Richard H. Brodhead, PH.D., Peter Lange, Larry Moneta, Stephen Bryan, Charles Thompson and Tennessee Watson (collectively the "Defendants")

have opposed the motion. (Docket No. 17.) Plaintiffs have filed a reply. (Docket No. 19.) For the reasons stated herein, the Court concludes that Plaintiffs' motion should be granted.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2007, Tiffany Locus was a student at Duke University and was enrolled in a class taught by Defendant Thompson. (Docket No. 2, Complaint ("Compl.") ¶¶ 11-13.) A series of events unfolded which ultimately resulted in: (1) Ms. Locus filing a complaint against Defendant Thompson with a Dean at Duke University; and (2) Defendant Thompson initiating charges against Ms. Locus with Duke University's Judicial Affairs Office. (*Id*. ¶¶ 53-54.) Ms. Locus was charged with "Academic Dishonesty," given a hearing, found guilty of lying, and was punished by the university. (*Id*. ¶¶ 65-170.)

On February 19, 2008, Plaintiffs filed a lawsuit against Defendants in Durham County Superior Court relating to the above-mentioned events (hereinafter the "Locus I" litigation). (Docket No. 17, Defs.' Mem. of Law in Opp'n ("Defs.' Br.") at 2.) That matter was removed to this Court on March 20, 2008 on the basis of federal question jurisdiction. (*Id*.; *see also* Case No. 1:08CV00192.) The complaint in Locus I contained several causes of action which explicitly referred to the Due Process Clause of the United States Constitution. (*Id*.) Plaintiffs filed: (1) a motion for leave to amend their complaint, so as to eliminate all

---

[1]Also pending before the Court are Defendants' motion to dismiss and Plaintiffs' motion to stay proceedings. (*See, e.g.,* Docket Nos. 6, 11.) The Court considers these motions to be moot as it concludes that it does not have jurisdiction to hear Plaintiffs' underlying claims. *See, e.g., Coleman v. Beazer Homes Corp*., No. 3:07cv312, 2008 WL 1848653, at *2 (W.D.N.C. Apr. 23, 2008) (A motion to remand "will be addressed as a threshold matter.").

reference to the United States Constitution; (2) a motion for remand; and (3) an amended complaint. (*Id*.) While the motion to remand was pending, Defendants filed a motion to dismiss. (*Id*. at 2-3.) On July 10, 2008, Plaintiffs responded by filing a notice of voluntary dismissal without prejudice. (*Id*. at 3.) At that point, the Locus I litigation was effectively closed.

On August 8, 2008, Plaintiffs initiated the present action by filing a complaint in the North Carolina Superior Court for Durham County (hereinafter referred to as "Locus II"). (Docket No. 2, Compl.) On August 26, 2008, Defendants filed a petition for removal with this Court pursuant to 28 U.S.C. §§ 1331 and 1441. (Docket No. 1, Notice of Removal.) Defendants' stated reason for invoking this Court's jurisdiction was the presence of a federal question arising "under the laws of the United States, namely the Fourteenth Amendment to the United States Constitution." (*Id*. at 2.) They also sought to have this Court exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(a). (*Id*. at 3.) On August 29, 2008, Plaintiffs filed the motion to remand which is presently before this Court. (Docket No. 10.)

## DISCUSSION

Plaintiffs seek remand pursuant to 28 U.S.C. §§ 1447(c) and/or 1367(c). Defendants oppose the motion and contend that removal was proper based on the presence of a federal question. The parties have filed briefs in support of their respective positions.

A.  **Plaintiffs' Privacy Claim**

It is undisputed that Plaintiffs' complaint in the Locus I litigation raised a myriad of federal questions under the United States Constitution and/or other federal laws. (*See, e.g.*, Docket No. 19, Pls.' Reply Br. at 1.) However, it is equally clear that Plaintiffs attempted to excise these claims from their complaint in the Locus II litigation presently before the Court. (*See, e.g.*, Defs.' Br. at 7.) Defendants concede that "Plaintiffs have meticulously deleted explicit references to the United States Constitution" in the operative complaint. (*Id.*) Despite this, Defendants contend that jurisdiction is proper because the Locus II complaint still contains language, which could be construed as invoking a federal right.

Defendants point to the language of Plaintiffs' second cause of action, styled "Deprivation of Privacy," as raising the sole federal question presented in the Locus II complaint. (*See generally* Compl. ¶¶ 228-232.) In particular, Defendants call the Court's attention to Plaintiffs' allegation that:

> The conduct complained of has invaded and violated Plaintiff Locus' constitutionally protected rights to privacy in violation of the terms and conditions specified in the express contract and/or in the alternative in the implied in fact or law contract.[2]

(Compl. ¶ 229 (the "Clause").)

---

[2] The alleged "contract" to which Plaintiffs refer is the Duke Community Standard in Practice (the "DCS"), as published in the Duke University Bulletin. (*See* Compl. ¶¶ 68-72.) The DCS contains the disciplinary policies that were applicable to Duke students during the relevant time periods, and describes the disciplinary system that Duke allegedly agreed to provide to all of its students. (*Id.* ¶¶ 69-70.) Plaintiffs maintain the DCS created a contractual relationship between the parties, upon which, they maintain, their respective causes of action are based. (*Id.* ¶¶ 71-72.)

Defendants acknowledge that this language is ambiguous as to the basis of Plaintiffs' cause of action because it does not specifically state whether it relates to rights created by the North Carolina Constitution or the United States Constitution; however, they contend that this ambiguity does not deprive this Court of jurisdiction in the present matter. (Defs.' Br. at 7.) They argue that Plaintiffs' failure to "refer to specific constitutional provisions in the[ir] complaint does not defeat federal subject matter jurisdiction so long as the factual allegations satisfy jurisdictional requirements." (*Id*.) Further, they argue that the Court has a duty under Fed. R. Civ. P. 8(a) to read Plaintiffs' complaint liberally, so as to justify an assertion of jurisdiction on grounds other than those specifically pled. (*Id*.)

Plaintiffs counter by stating that they "carefully crafted" their complaint to include only state-law claims. (Pls.' Reply Br. at 2.) Indeed, they unequivocally maintain that "[n]o issues [of] federal law have been raised" in the present matter. (*Id*.) They have identified the source of Plaintiffs' alleged privacy rights as the DCS, not the U.S. Constitution, and have specifically disavowed the notion that their cause of action flows from federal law. (*See id*. at 3, 4, 6, 7, 8.) They maintain that a federal question will not be implicated in the resolution of their state-law claim, and that the outcome of their case "will turn on an interpretation of the DCS and not the U.S. Constitution." (*Id*. at 6-7.) Plaintiffs view the removal of this case as an attempt by Defendants to litigate federal issues which were present in Locus I, but which are not present here. (*Id*. at 1.) They accuse Defendants of attempting

-5-

to "rewrite" their complaint "to create" a federal cause of action which they did not plead. (*Id*. at 2.)

Plaintiffs argue that the basis of their deprivation of privacy claim, brought under the Clause, is that a contractual right to privacy was created by the DCS and subsequently breached by Defendants. Defendants, on the other hand, have a much different view of Plaintiffs' privacy claim under the Clause. They read this claim as invoking a federal constitutional right to privacy, which must be litigated, either in addition to, or separate and apart from, any contractual rights to privacy created by the DCS. In their brief, Defendants focus solely on the phrase that states that Plaintiff Locus was deprived of her "constitutionally protected rights to privacy . . . ."

Defendants do not interpret how the first half of Plaintiffs' paragraph 229, which refers generally to "constitutional rights," relates to the second half of the paragraph, which explicitly conditions Plaintiffs' right to recovery upon rights allegedly granted by the DCS. Nor do they explain why the Court should infer that the "constitutional rights" mentioned are federal rights, rather than state-law rights, which, it would seem, is a plausible explanation for the vague wording of the Clause. *See generally Jackson v. Bumgardner*, 318 N.C. 172, 187-88, 347 S.E.2d 743, 752 (1986) (Martin, J., concurring in part, dissenting in part) ("The Constitution of North Carolina likewise protects the right of privacy.") (citing N.C. Const. art. I, Decl. of Rights).

Defendants cite this Court's prior decision in *Herndon v. Chapel Hill-Carrboro City Bd. of Educ.*, 899 F. Supp. 1443 (M.D.N.C. 1995) for the general proposition the United States Constitution may protect privacy rights in circumstances similar to those presented here; therefore, they reason that Plaintiffs must have been referring to the U.S. Constitution when they drafted the Clause in the complaint. Under one possible construction, the Clause could be viewed as invoking federally protected rights, even though it does not explicitly do so, and even though it is not at all clear from the text where those "constitutional" rights would flow from.

In point of fact, the Court finds the Clause to be ambiguous as to the *both* the source of the constitutional rights mentioned and their relevance to resolving Plaintiffs' claims. In these circumstances, the Court must now consider whether the Locus II complaint raises a federal question such that the Court would be justified in asserting jurisdiction over the present matter.

### B.     Legal Standard for Remand

"Federal courts are courts of limited jurisdiction and the law presumes that 'a cause lies outside this limited jurisdiction.'" *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). District courts shall have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1332. Further, any civil action "of which the district courts have original jurisdiction . . . shall be removable

-7-

without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). However, removal jurisdiction is not favored, and a court analyzing a motion to remand must construe the removal statute strictly against removal in light of the significant federalism concerns inherent to that form of jurisdiction. *See, e.g., In re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006), *cert denied,* __ U.S. __, 127 S.Ct. 1381 (2007); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

"If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151; *see also Johnson-Brown*, 257 F. Supp. 2d at 177 ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.") (citations omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *See, e.g., Mulcahey*, 29 F.3d at 151 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *see also Johnson-Brown*, 257 F. Supp. 2d at 178 ("[I]f the defendant cannot meet [his] burden, the court must remand the case.") (citation omitted); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (defendants have the burden of establishing the existence of federal jurisdiction).

C. **The Well-Pleaded Complaint Rule**

The availability of federal question jurisdiction is determined by the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to this rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392 (citing *Gully v. First Nat'l*

*Bank*, 299 U.S. 109, 112-13 (1936)). "The result of this rule is that the plaintiff is the master of his claim, and may avoid federal jurisdiction by relying exclusively on state law." *Venezuela v. Massimo Zanetti Beverage USA, Inc.*, 525 F. Supp. 2d 781, 785 (E.D.Va. 2007) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")); *see also Kennedy v. Orangeburg Co. Sheriff's Office*, No. 5:08-0873-MBS, 2008 WL 4833022, at *1 (D.S.C. Oct. 31, 2008) ("[A] plaintiff may generally avoid federal jurisdiction by exclusive reliance on state law.") (citing *Beechwood Dev. Group, Inc. v. Konersman*, 517 F. Supp. 2d 770, 772 (D.S.C. 2007)). This rule is "designed to protect the plaintiff from a defendant reading a cause of action into a complaint where none is stated." *Spaulding v. Mingo County Bd. of Educ.*, 897 F. Supp. 284, 287 (S.D.W.Va. 1995) (citation omitted).

Indeed, a plaintiff need not plead a federal cause of action, even where one may clearly be available to him. *Id.* ("[A] plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court.") (quoting *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964 (2d Cir. 1981)); *see also Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 662-64 (1961) ("If the plaintiff decides not to invoke a federal right, his claim belongs in a state court . . . . [T]raditional common-law claims . . . do not lose their character because it is common knowledge that there exists a scheme of federal regulation . . . ."); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) ("[A] plaintiff may

avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense.").

"For a federal question to be present on the face of a well-pleaded complaint, either federal law must create the cause of action, or plaintiff's right to relief must necessarily depend on the resolution of a substantial question of federal law." *Venezuela*, 525 F. Supp. 2d at 784-85 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *accord Sung ex rel. Lazard Ltd. v. Wasserstein*, 415 F. Supp. 2d 393, 396-97 (S.D.N.Y. 2006) (treating each requirement as a separate test to determine if a federal question is present) (citing *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987).

A court's first step is to "discern whether federal . . . law creates the cause of action." *Pigott v. Ostulano*, No. 2:07cv 90, 2007 WL 1448718, at *2 (E.D.Va. May 9, 2007) (citing *Mulcahey*, 29 F.3d at 151). If it does not, the defendant seeking removal "must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Id*. (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).

Indeed, the "mere presence" of a federal issue "does not automatically confer federal-question jurisdiction." *Thompson*, 478 U.S. at 813; *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in

claiming the advantages thought to be inherent in a federal forum."); *cf. Walker v. Family Med. Ctr. of Charleston*, No. 2:06-cv-00634, 2007 WL 149001, at *2 (S.D.W.Va. Jan. 18, 2007) ("that a complaint mentions, or even incorporates a federal law, does not determine whether it 'arises under' the . . . laws . . . of the United States") (citations omitted). In fact, where a plaintiff's case can be supported "with even one theory that does not call for an interpretation of federal law, his claim does not [necessarily] 'arise under' federal law for purposes of § 1331." *Dixon*, 369 F.3d at 817; *accord Walker*, 2007 WL 149001, at *2 (if a "complaint is susceptible of two readings, the more appropriate interpretation is [the] one that defers to the state tribunal"); *cf. Lilly v. Town of Clendenin*, No. 2:05-303, 2005 WL 2171670, at *2-3 (S.D.W.Va. Sept. 6, 2005) ("state law complaints usually must stay in state court when they assert what appears to be state law claims") (citations omitted).

The question that a court must ask is whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." *Coleman*, 2008 WL 1848653, at *3 (citing *Grable,* 545 U.S. at 314). As discussed below, the Court resolves this question under the facts of this case in the negative.

Here, it is clear to the Court that Plaintiffs, as the masters of their pleadings, were free to plead as many or as few causes of action as they wished, and more importantly, were free to limit their theories of recovery to state-law claims, federal claims, or a hybrid of both. This means that even though Plaintiffs could have pled a cause of action under federal law,

-11-

they were not required to do so and could have opted not to at their sole discretion. Plaintiffs have stated that they intended to limit themselves to state-law claims, raising no federal issues, and the Court cannot find this stated intention to be inconsistent with any allegation in Plaintiffs' complaint.

Defendants have failed to establish a federal question, as was their burden to do. They were required to show either that: (1) Plaintiffs' cause of action was created by a federal law; or (2) that Plaintiffs' right to relief necessarily depended on the resolution of a substantial question of federal law. They have not successfully done either of these things. Instead, Defendants have directed the Court to an ambiguous section of Plaintiffs' complaint and suggested that it should be read broadly so as to raise a federal question. In reality, they have chosen to "hang their hat" on this Court's willingness to construe the ambiguity of Plaintiffs' complaint against Plaintiffs' stated intentions and in favor of federal jurisdiction. The Court will not impose Defendants' construction on Plaintiffs' claims.

**D.     Construing Vague, Ambiguous and Oblique Pleadings**

Defendants cite two cases, *Dow Chem. Co. v. U.S. Envtl. Prot. Agency*, 635 F. Supp. 126, 130 (M.D.La. 1986) and *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980), to support their argument that the Court should construe Plaintiffs' pleadings in a liberal fashion, *against their stated wishes*, so as to find a federal question, which would justify the Court in asserting jurisdiction over this matter. The Court does not find these cases persuasive under the circumstances of this case.

-12-

Case 1:08-cv-00607-JAB-PTS   Document 21   Filed 02/19/09   Page 12 of 19

First, the cases cited by Defendants are easily distinguished from the case *sub judice*. Second, Defendants' position directly contradicts the widely-accepted maxim that a complaint is to be construed liberally *in the plaintiff's favor*. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (Marshall, J.) ("[T]he complaint is to be liberally construed in favor of plaintiff."). Third, as stated above, the purpose of the well-pleaded complaint rule is "to protect the plaintiff from a defendant reading a cause of action into a complaint where none is stated." *See Spaulding*, 897 F. Supp. at 287. Lastly, Defendants' argument runs contrary to the compelling weight of authority, discussed *infra*, which dictates that ambiguities should generally be resolved in favor of remand, not the assertion of federal jurisdiction.

Indeed, the principle that a court must construe the removal statute strictly "against removal extends to ambiguous pleadings as well." *See, e.g., E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 393 (S.D.N.Y. 1998) (citing *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957) ("Since § 1441(c) was intended to restrict, not enlarge, removal rights[,] all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction."); *cf. Crowe v. Coleman*, 113 F.3d 1536, 1543 (11th Cir. 1997) ("Plaintiffs are entitled to the construction most favorable to remand."); *accord Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (a court must consider the claims in the state court petition as they existed at the time of removal; any ambiguities are construed against removal

-13-

because the removal statue should be strictly construed in favor of remand) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"Thus, any ambiguity must be construed against a finding of [federal] jurisdiction." *Pigott*, 2007 WL 1448718, at *4 (citing *Lilly*, 2005 WL 2171670, at *3-4 (Where enigmatic references in the complaint to the United States Constitution seemed to have only been included "for good measure," the court granted a motion to remand because the complaint was ambiguous as to whether it was stating a federal or state law-based claim.)). Where the arguments for construing a claim as a federal question are in equipoise with those for construing it as a state-law claim, "it is the [plaintiff's] construction which must prevail." *See, e.g., E. States Health*, 11 F. Supp. 2d at 393; *accord Atanasio v. Bhd. of Locomotive Eng'rs & Trainmen,* 424 F. Supp. 2d 476, 485 (E.D.N.Y. 2006) (where complaint does not state whether plaintiff is asserting state or federal claims, his motion to remand manifests his preference to confine his claims to state-law remedies); *cf. Paden v. Bd. of Educ. of Sch. Dist. 202*, No. 88 C 5891, 1988 WL 105353, at *1 (N.D.Ill. Oct. 3, 1988) ("In light of [its] duty to construe pleadings liberally," a court must read a "complaint in accord with plaintiff's intent," should it find the complaint "poorly drafted" or "ambiguous.") (remanding case).

Further, a mere "indication that [a] plaintiff believes she has [suffered some harm] under federal law does not in and of itself create federal jurisdiction, as long as plaintiff has disclaimed any federal causes of action." *Hardin v. Morgan Bldgs. & Spas, Inc.*, No. SA-07-CA-388-FB, 2007 WL 2021775, at *3 (W.D.Tex. June 26, 2007) (citing *Christiason v. Merit*

-14-

*Texas Props.*, L.L.C., 393 F. Supp. 2d 435, 436 (N.D.Tex. 2005); *accord Young v. City of Norfolk*, No. Civ. 2:01-CV-48, 2001 WL 34596617, at *8 (E.D.Va. Aug. 27, 2001), *aff'd*, 51 Fed. Appx. 466 (4th Cir. 2002) (merely taking language from a federal statute does not automatically mean that the cause of action arise under federal law).

Where a plaintiff makes only an "oblique reference to [an alleged] violation of [an] unspecified federal law," the case should be remanded to state court. *Hardin*, 2007 WL 2021775, at *1 (quoting *W.H. Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995), *cert. denied*, 522 U.S. 977 (1997)). Moreover, even when a complaint contains a specific reference to federal law, but fails to "allege a federal cause of action which is separate and distinct from plaintiff's allegations based on state law, the reference to federal law is ambiguous and, therefore, the case should be returned to state court." *Id*. at *2 (quoting *Impressive Printing, Inc. v. Lanier Worldwide, Inc.*, No. Civ.A. 05-1609, 2005 WL 3543719, at *3 (E.D.La. Nov. 9, 2005) (plaintiff's "unclear phrasing" weighs in favor of remand)) (internal quotation marks omitted).

A plaintiff can even generally reference perceived violations of the United States Constitution and not raise a federal question, provided that no such cause of action is clearly pled on the face of his complaint and he has "specifically state[d] that his action is based only on state law." *See, e.g., Brave v. S.C. Highway Dep't*, No. 4:07-3457-HMH-TER, 2008 WL 2001913 (D.S.C. May 6, 2008) (citing *Manguno*, 276 F.3d at 723) (any ambiguities are construed against removal)); *see also Lilly,* 2005 WL 2171670, at *3-4 (enigmatic reference

-15-

to the U.S. Constitution did not create a federal question); *cf. Paden*, 1988 WL 105353, at *1 (alleged violations of a state constitution should be heard in state court, even when those state-law claims "should be interpreted in light of the U.S. Constitution").

Finally, where a plaintiff has made clear his "preference to litigate his claim in state court, it would contravene the well-pleaded complaint rule to read a claim based on federal law into his complaint, even if such a claim most closely resembles the facts plead." *Atanasio*, 424 F. Supp. 2d at 484-85 (citing *Caterpillar,* 482 U.S. at 392); *cf. Paden*, 1988 WL 105353, at *1 (The court "will not force plaintiff to pursue a federal constitutional claim which she does not wish to raise where her complaint does not clearly state such a claim.").

In light of the foregoing authorities, the Court concludes that Plaintiffs' passing reference to certain nondescript "constitutional" rights, without reference to either the federal or the state constitution, does not raise a federal question such that the Court would be justified in exercising subject matter jurisdiction in the present matter. Whatever word the Court uses to describe the inclusion of this language in the Clause (i.e., oblique, vague, superfluous, ancillary, etc.), the fact remains that the Clause is ambiguous. Plaintiffs have, in briefing to the Court, limited their construction of the Clause so as to exclude any right that must be determined as a matter of federal constitutional law. As such, the Court must remand the case to the North Carolina Superior Court from whence it came.

Moreover, neither case cited by Defendants could reasonably be construed as requiring this Court to interpret the Clause as alleging a claim which is not clear on its face

-16-

and which the Plaintiffs have disavowed. In fact, the *Dow* case does not stand for nearly so broad a proposition as Defendants have argued for, i.e., that so long as the facts alleged support a potential claim a court would be justified in asserting jurisdiction over that claim in every instance, regardless of whether it is explicitly stated in a complaint or whether the plaintiff actually intended to include it in the complaint.

Properly read, *Dow* says that a plaintiff's failure to mention a statue will not be fatal to his complaint "*provided* that the complaint itself establishes that the [omitted statute] is the statute [actually] relied upon . . . as the basis of the [] rights to be adjudicated." 635 F. Supp. at 129-30. The *Dow* court determined that the plaintiff had not in fact relied upon the statute in question as the basis of its complaint. *Id*. As applied here, the *Dow* case would tend to indicate that the Locus II complaint *does not* contain a federal question because it is not at all clear that the United States Constitution is the source actually relied upon as the basis of Plaintiffs' claim; indeed, the opposite appears to be the case.

Similar arguments have been considered by other courts and expressly rejected. *See, e.g., E. States Health*, 11 F. Supp. 2d at 396 (The fact that a court *could possibly* have had original jurisdiction over a case if it had been filed in federal court "does not mean that removal is proper any time the plaintiffs could have raised a federal claim but chose not to."). In that case, the court held that in the context of removal jurisdiction, the court will not "force upon the [plaintiff] a federal . . . cause of action, despite the absence of such an action

-17-

on the face of the complaint and the [plaintiff's] express disclaimer of such a right, merely because the facts alleged in the complaint *could* potentially support a federal claim. *Id*.

In much the same vein, the Court is far more persuaded by the reasoning of the district court in *Paden*, 1988 WL 105353, at *1, than by Defendants' arguments. There the court found that its "duty to construe pleadings liberally," required it to read the complaint "in accord[ance] with [the] plaintiff's intent." The Court accepts this position, which it believes is wholly appropriate in keeping with its obligation under Fed. R. Civ. P. 8(e) to construe pleadings "so as to do justice."

Here, Plaintiffs have unequivocally stated that their complaint does not require resolution of a federal question, but instead turns on the contractual relationship that may or may not have been created between the parties by the DCS. Their statements and their motion to remand, which is good evidence of their intent not to plead a federal claim, strongly counsel in favor of remand, given the ambiguity of the Clause. *See, e.g., Atanasio*, 424 F. Supp. 2d at 484-85 ("Any ambiguity as to [plaintiffs'] intention is resolved by his motion to remand."); s*ee also Patrick v. McLaughlin*, No. 06-2102, 2007 WL 1229024, at *2 (W.D.La. Mar. 9, 2007) ("The fact that [plaintiff] omitted references to the U.S. Constitution . . . is a strong indication that he intended to proceed under state law.") (That a plaintiff included federal claims in a prior suit did not mean that he intended to plead federal claims in a subsequent suit.). Accordingly, the Court interprets Plaintiffs' complaint in favor of remand.

Case 1:08-cv-00607-JAB-PTS   Document 21   Filed 02/19/09   Page 18 of 19

This Court has no reason to be concerned that Plaintiffs may shift their ground and attempt to litigate federal issues in state court. *Cf. Paden*, 1988 WL 105353, at *1 n.1. If federal issues are raised by Plaintiffs in state court, this matter would become ripe for removal. *See, e.g., Lilly*, 2005 WL 2171670, at *4 n.8; *see also* 28 U.S.C. § 1446(b). In such an instance, Plaintiffs might well be exposed to an assessment of costs and fees in the maximum allowable amount. *See Hardin*, 2007 WL 2021775, at *4 (plaintiff's imprecision "caused this Court and defendant unnecessary costs associated with [] removal and remand").

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiffs' motion to remand (Docket No. 10) be granted.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 19, 2009